**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                    CASE NO.:  6:20-bk-03784-LVV

                                          CHAPTER 11
PARLIAMENT PARTNERS, INC.

        Debtor.

_____/

**PARLIAMENT PARTNERS, INC.**
**AMENDED MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE**

**PARLIAMENT PARTNERS, INC.**, ("Debtor"), by and through its undersigned counsel,

and pursuant to 11 U.S.C. §§ 105(a) and 1112(b) of the Bankruptcy Code, and Federal Rule of

Bankruptcy Procedure 1017, hereby moves the Court to dismiss its Chapter 11 case (Case No.

6:10-bk-03784-LVV), (the "Bankruptcy Case"), and in support states as follows:

1.      On July 2, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief

under Subchapter V of Chapter 11 of the Bankruptcy Code. No trustee, examiner, or committee of

unsecured creditors has been appointed in this case. Debtor continues to manage and operate its

business as a debtor-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor currently operates the Parliament House Resort, (the "Resort"), located

at 410 N. Orange Blossom Trail, Orlando, Florida 32805. The Resort is a 120-room hotel with a

theatre, restaurant, and nightclub on approximately 5 acres of real property adjacent to Rock Lake.

3.      As more fully detailed in the Case Management Summary, the Debtor was actively

engaged in a commercial foreclosure proceeding with Lion Financial, LLC, ("Lion"), in the Ninth

Judicial Circuit, in and for Orange County, Florida, (the "State Court"), in the case 2018-CA-

011478-O, (the "State Court Matter"). (Doc. No. 11).

4.      The Debtor commenced the Bankruptcy Case in an effort to pursue the reorganization of its debts, stay a Writ of Possession issued in the State Court Matter on July 2, 2020, and return to State Court to file its Motion to Set Aside the Final Judgment entered on December 10, 2019, (the "Motion to Set Aside Judgment"). Subsequent negotiations between the Debtor and Lion resulted in a comprehensive settlement resolving any remaining issues in both the State Court Matter and the Bankruptcy Case which includes agreeing to modify the automatic stay to permit Lion to obtain a writ of possession and take all measures necessary to obtain possession of the Resort, the Debtor relinquishing possession of the Resort to Lion and the Debtor's withdrawal of the Motion to Set Aside Judgment.

5.      Accordingly, continuing in a Chapter 11 would incur continuing losses without a reasonable likelihood of rehabilitation.  Therefore, a voluntary dismissal of its bankruptcy case is in the best interests of its creditors and the estate. The Debtor's largest creditor, Lion, supports this Motion.

## **Relief Requested**

6.      Debtor submits that "cause" exists for the dismissal of this case pursuant to section 1112(b) (1) and (4). Section 1112(b) (4) of the Bankruptcy Code provides a litany of statutory examples of "cause" for dismissal or conversion of a chapter 11 case, including "the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. *See* 11 U.S.C. § 1112(b) (4) (A). Courts generally grant requests for voluntary dismissal unless to do so would result in some "plain legal prejudice" to creditors. *Gill v. Hall* (*In re Hall*), 15 B.R. 913, 917 (Bankr. 9th Cir. 1981).

7.      Once a party establishes cause, a court must examine whether dismissal or conversion of a case to case under chapter 7 is in the best interests of the creditors and the estate.

*7 COLLIER ON BANKRUPTCY ¶ 1112.04[6]* (16th ed. 2009). Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. *Collier* identifies ten such factors:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10)    Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns. *Id.*

8.      After initial discovery, the Debtor determined it will not prevail on its Motion to Set Aside Judgment. Therefore, it has agreed to withdraw said motion in the State Court Matter. Debtor has agreed to modify the automatic stay to permit Lion to take any and all measures necessary to obtain possession of the Resort.  Debtor has agreed to surrender the Resort by 11:59 PM on November 2, 2020. Lion will be free to execute the Writ of Possession after 12:00 AM on November 3, 2020. Since the Resort is the Debtor's only viable business, it will be forced to cease

operations. Importantly, none of the Debtor's creditors or other parties in interest in this case will be prejudiced by the dismissal, as such creditors will be in the same position as they would have been had the Debtor never filed for bankruptcy protection. Furthermore, upon dismissal, Debtor will no longer be burdened with the costs and expenses associated with this Chapter 11 case.

9.      Because the Final Judgment cannot be set aside and the Debtor cannot operate without the premises, no reorganization is possible, and cause exists to dismiss.

10.     Debtor also submits that converting its Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code would create unnecessary administrative expenses with no meaningful prospect of recovery and is therefore unwarranted.

11.     In sum, Debtor's case no longer serves any reorganizational or other purpose under the Bankruptcy Code and, accordingly, dismissal pursuant to 11 U.S.C. §1112(b) is therefore warranted and in the best interests of Debtor's estate and its creditors.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order (i) granting this Motion; (ii) dismissing this Chapter 11 Case; and (iii) granting such other and further relief as is just and proper in the circumstances.

**RESPECTFULLY SUBMITTED** this 16th day of September 2020.

/s/ John B. Dorris
**R. Scott Shuker, Esq.**
Florida Bar No. 984469
rshuker@shukerdorris.com
**Mariane L. Dorris, Esq.**
Florida Bar No. 173665
mdorris@shukerdorris.com
**John B. Dorris, Esq.**
Florida Bar No. 093744
jdorris@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Ave., Suite 1120

4

Orlando, Florida 32801
Telephone: 407-337-2060
Facsimile:  407-337-2050
*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                                    CASE NO.    6:20-bk-03784-LVV

**Parliament Partners, Inc.**                             **CHAPTER 11**

                Debtor.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of **PARLIAMENT PARTNERS, INC. AMENDED MOTION TO VOLUNTARILY DISMISS CHAPTER 11 CASE** has been furnished either electronically or by U.S. First Class, postage prepaid mail to: Donald Granatstein, President, Parliament Partners, Inc., 410 N Orange Blossom Trail, Orlando, FL 32805; Commercial Mortgage Members, c/o L. William Porter III, Esq., 2014 Edgewater Dr. #119, Orlando, Florida 32804 (bill@billporterlaw.com); Lion Financial, LLC, c/o Morgan B. Edelboim, Esq., 20200 W. Dixie Hwy., Ste. 905, Miami, FL 33180 (morgan@elrolaw.com); Subchapter V Trustee, Robert Altman, P.O. Box 922, Palatka, FL 32178- 0922 (robertaltman@bellsouth.net); all parties entitled to receive CM/ECF noticing; all creditors listed on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee's Office, 400 W. Washington Street, Suite 1120, Orlando, Florida 32801 this 16th day of September 2020.

/s/ John B. Dorris
John B. Dorris, Esq.

Label Matrix for local noticing
113A-6
Case 6:20-bk-03784-LVV
Middle District of Florida
Orlando
Wed Sep 16 11:05:34 EDT 2020

Commercial Mortgage Managers Inc
2014 Edgewater Dr. #119
Orlando, FL 32804-5312

Lion Financial LLC
Lion Financial LLC
20200 W Dixie Hwy, Ste 905
Miami, FL 33180-1926

d/b/a BIZFI FUNDING MERCHANT CASH AND CAPITA
c/o Emanuel & Zwiebel, PLLC
7900 PETERS ROAD BUILDING B SUITE 100
PLANTATION, FL 33324-4045

Parliament Partners, Inc
410 N Orange Blossom Trail
Orlando, FL 32805-1706

Phil Diamond, CPA, as Orange County Comptrol
c/o Michael A. Paasch, Esq.
Mateer & Harbert, P.A.
225 E. Robinson St., Suite 600
Orlando, FL 32801-4325

R W Phipps
R W Phipps PA
209 East Marks Street
Orlando, FL 32803-3818

Traveon Roundtree
c/o Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134-6039

ASCAP
Attn: Account Services
PO Box 311608
Nashville, TN 37203

Advanced Recovery Group
Attn: Richard Muller, Esq.
72-54 Main St., 2nd Floor
Flushing, NY 11367-2421

Affordable Lock & Security
PO Box 31261
Tampa, FL 33631-3261

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Bizfi aka ACM MCC VI, LLC
460 Park Avenue S., 10th FL
New York, NY 10016-7470

Cash Crunch
Ariel Bouskila
80 Broad Street Suite 3303
NY,, NY 10004-2209

Commercial Mortgage Managers, Inc.
c/o L. William Porter III, Esq.
2014 Edgewater Dr. #119
Orlando, FL 32804-5312

Cypress LLC
c/o Holland & Knight
50 North Laura St, Ste 3900
Jacksonville, FL 32202-3622

Dex Imaging
5109 W. Lemon Street
Tampa, FL 33609-1105

Donald Granatstein
410 N Orange Blossom Trail
Orlando, FL 32805-1706

Ecolab
PO Box 32027
New York, NY 10087-2027

Eric B. Zwiebel, Esq.
7900 Peters Road
Building B, Suite 100
Fort Lauderdale, FL 33324-4045

First Insurance Funding
PO Box 7000
Carol Stream, IL 60197-7000

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Florida Dept of Revenue
Attn:  Executive Director
PO Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

International Resort Managem
410 N. Orange Blossom Trail
Orlando, FL 32805-1706

Latham, Luna, Eden & Beaudine, LLP
111 N. Magnolia Ave., Ste. 1400
Orlando, FL 32801-2367

Law Office of MD Purcell Jr
1110 N. Florida Avenue
Tampa, FL 33602-3343

Lion Financial, LLC
301 W. 41st Street
Suite 406
Miami Beach, FL 33140-3647

Lion Financial, LLC, a Florida Limited Liabi
Ronald Simkins
5080 Biscayne Blvd., Suite A
Miami, FL 33137-3218

MERCHANT CASH AND CAPITAL, LLC d/b/a BIZFI F
c/o Emanuel & Zwiebel PLLC
Eric B. Zwiebel, Esq.
7900 Peters Road
Building B Suite 100
Plantation, FL 33324-4045

MERCHANT CASH AND CAPITAL, LLC d/b/a BIZFI F
c/o Eric B. Zwiebel, Esq.
Emanuel & Zwiebel, PLLC
7900 Peters Road
Building B, Suite 100
Plantation, Florida 33324-4045

Mofan Kidd
PO Box 472
Orlando, FL 32802-0472

Mr. Greenjeans
PO Box 592837
Orlando, FL 32859-2837

Orange County Comptrollers
201 S Rosalind Ave #4th
Orlando, FL 32801-3527

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Orange County Tax Collector
301 S Robinson Avenue
Orlando, FL 32801

Orlando Utilities Commission
PO Box 4901
Orlando, FL 32802-4901

Paul Buchanan
26373 Old Spring Lake Road
Brooksville, FL 34602-8055

Phil Diamond, CPA, as Orange County Comptrol
Attn: CHRISTOPHER J. DAWKINS, CPA, CIA
PO Box 38
Orlando, FL 32802-0038

Phil Diamond, CPA, as Orange County Comptrol
c/o Michael A. Paasch, Esq.
Mateer & Harbert, P.A.
P O Box 2854
Orlando, FL 32802-2854

Poolworks
700 Wilma Street
Longwood, FL 32750-5135

R. W. Phipps
209 E. Marks Street
Orlando, FL 32803-3818

RCI, LLC
7 Sylvan Way
Parsippany, NJ 07054-3831

RDM Capital Funding, LLC
777 Passaic Ave., Ste. 375
Clifton, NJ 07012-1804

Spectrum
P.O. Box 7195
Pasadena, CA 91109-7195

Susan Unger
410 N Orange Blossom Trail
Orlando, FL 32805-1706

Teco Gas
PO Box 31318
Tampa, FL 33631-3318

Traveon Roundtree
c/o Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134-6039

Waste Connection
1099 Miller Drive
Altamonte Springs, FL 32701-2069

Windstream Enterprise
P.O Box 9001908
Louisville, KY 40290-1908

Robert Altman +
PO Box 922
Palatka, FL 32178-0922

Michael A Paasch +
Mateer & Harbert PA
Post Office Box 2854
Orlando, FL 32802-2854

R Scott Shuker +
Shuker & Dorris, P.A.
121 South Orange Avenue
Orlando, FL 32801-3221

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Miriam G Suarez +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

L William Porter III+
Law Offices of L. William Porter III
2014 Edgewater Drive, #119
Orlando, FL 32804-5312

Eric B Zwiebel +
Eric B Zwiebel, P.A.
Executive Court at Jacoranda
7900 Peters Road, Building B, Suite 100
Plantation, FL 33324-4045

Morgan B Edelboim +
Edelboim Lieberman Revah Oshinsky
20200 W. Dixie Hwy., Suite 905
Miami, FL 33180-1926

Corali Lopez-Castro +
Kozyak Tropin & Throckmorton PA
2525 Ponce de Leon
9th Floor
Coral Gables, FL 33134-6039

Lori V. Vaughan +
Orlando
, FL

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

End of Label Matrix
Mailable recipients    61
Bypassed recipients     0
Total                  61